UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CR-0120-04-CVE |
| ) | (08-cv-0320-CVE-SAJ) |
| ) | |
| CHARLES ARNOLD MOOK, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Charles Arnold Mook's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 765). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The United States responded to defendant's § 2255 motion (Dkt. # 771), and argues that it was filed beyond the statute of limitations and should be dismissed. For the reasons discussed below, the Court finds that defendant's motion should be dismissed with prejudice as barred by the one-year statute of limitations.

**I.**

On November 8, 2002, a 16-count superseding indictment was filed, charging Mook and nine co-defendants with various crimes related to the manufacture and distribution of methamphetamine. Dkt. # 75. Count 1 of the indictment alleged that Mook conspired with others to manufacture, distribute, and possess methamphetamine with the intent to distribute. Id. Count 9 charged that

Mook possessed equipment, chemicals, and materials used to manufacture a controlled substance, and Counts 10 and 11 charged Mook with firearms offenses. Id. Mook went to trial and on August 22, 2003, was found guilty on Counts 1, 9, and 11. Dkt. # 391.

Mook was sentenced on January 28, 2004 to a term of imprisonment of 360 months: 240 months on Counts 1 and 9 to run concurrently, and 120 months on Count 11, to run consecutively. Dkt. # 544. Mook filed a notice of appeal on February 3, 2004. Dkt. # 552. The Tenth Circuit affirmed Mook's conviction on May 3, 2005, but remanded for resentencing in light of the intervening Supreme Court ruling in United States v. Booker, 540 U.S. 220 (2005). See United States v. Windrix, 405 F. 3d 1146, 1155-59 (10th Cir. 2005).

Mook was resentenced on January 4, 2006 to a term of 292 months imprisonment: 240 months on Counts 1 and 9 to run concurrently, and 52 months on Count 11, to run consecutively. Dkt. # 645. The Court found that Mook should receive a two-level enhancement to his sentence for possession of firearms in connection with a drug trafficking crime. Id. Mook also received a consecutive sentence for possession of a firearm after a felony conviction. Id. Mook appealed his sentence on January 19, 2006 (Dkt. # 652) and the appeal was denied by the Tenth Circuit on January 26, 2007. Dkt. # 740. Mook's conviction became final on May 21, 2007 when the Supreme Court denied his petition for a writ of certiorari. Dkt. # 742. Thus, a timely § 2255 motion could have been filed on or before May 21, 2008. Mook prepared a motion to vacate, set aside, or correct sentence pursuant to § 2255 on the grounds that counsel was ineffective for failing to object to "double counting" at sentencing. Dkt. # 765, at 4. Mook placed his § 2255 in the prison mail

system on May 27, 2008.[1]  Therefore, Mook's motion was filed after the one-year statute of limitations provided by § 2255, and his motion is untimely.

## II.

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides, in pertinent part, as follows: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." To warrant equitable tolling of the limitations period, defendant must demonstrate "extraordinary circumstances." See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." Miller v. N.J. State Dep't. of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Defendant must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Marr, 141 F.3d at 978.

Here, defendant claims that when he received the letter notifying him that his petition for a writ of certiorari was denied, the prison mail system opened the letter, ripping it in the process, and stapled it closed. Dkt. # 774, at 7. Mook claims that because of the position of the staple, the date of May 21, 2007 instead appeared to be May 27, 2007. Id. Accordingly, Mook claims that he

---

[1]  Mook signed a declaration stating that his motion was placed in the prison mailing system on May 27, 2008. Dkt. # 765, at 13. The motion was filed in this Court on May 30, 2008. Dkt. # 765. The Tenth Circuit has applied the "prison mailbox rule" to a federal inmate's filing of a § 2255 motion and, if the defendant utilizes the prison's legal mail system, the Court should look to the date of mailing rather than the date of filing to determine the timeliness of defendant's § 2255 motion. United States v. Gray, 182 F.3d 762, 765 (10th Cir. 1999).

believed that May 27, 2008 was the deadline for filing a timely § 2255 motion. Although equitable tolling may be available to defendants who were prevented, through no fault of their own, from filing within the one-year statute of limitations, defendant provides no supporting evidence to show that this letter was in fact damaged to the point where the date was unreadable. The Court is aware that Mook contends that the letter is no longer available and cannot be produced. Accordingly, since Mook cannot prove that he is entitled to the equitable tolling of time to file, his motion is untimely.

### III.

Nonetheless, in an abundance of caution, the Court will address the merits of defendant's § 2255 motion. Mook argues that he was denied effective assistance of counsel because his trial counsel, Stanley Monroe, failed to object to the method used to calculate his sentence. The government responded to this claim and asserts that defendant's counsel was not ineffective because defendant's sentence was calculated correctly.

To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Smith v. Robbins, 528 U.S. 259, 285 (2000) (the Strickland test applies to appellate as well as trial counsel). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689. To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S.

at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Here, defendant contends that the two-level enhancement that he received for possession of firearms on Counts 1 and 9, and the consecutive sentence he received for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g), constituted impermissible double counting. Thus, Mook contends that he was denied effective assistance of counsel because Monroe failed to object to the "double counting." Because defendant alleges this argument should have been raised on appeal, the Court must consider the merits of the omitted issue. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). "If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." Id. (internal quotation marks omitted).

The Tenth Circuit has held that there is no impermissible double counting where a defendant is given a two-level enhancement for a firearm in connection with a drug charge and then is sentenced consecutively for possession of a firearm after a former conviction. United States v. Norred, 9 Fed. Appx. 916 (10th Cir. 2001). In Norred, the Tenth Circuit held that "the grouping of offenses under U.S.S.G. § 3D1.2 prevents double counting so that [defendant's] two-point enhancement for possession of a firearm in connection with his drug offenses was not double counting in relation to his conviction for possession of a firearm after a former conviction." Because Mook's argument with respect to double counting is without merit, counsel was not ineffective by failing to raise it. The decision not to raise an argument on appeal is a strategic decision which will not be second-guessed. Accordingly, counsel's performance was not deficient.

5

Further, no actual prejudice could have resulted from trial counsel's failure to raise Mook's double counting argument on appeal because the argument would have been rejected had it been raised on direct appeal. Thus, Mook was not denied effective assistance of counsel on this ground.

### IV.

In his reply brief, defendant requests an evidentiary hearing on the issue of ineffective assistance of counsel. Dkt. # 774, at 11. He asserts that the record is unclear and counsel failed to submit an affidavit to support the government's reply. Id. An evidentiary hearing is not necessary where "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). As stated above, the Court finds that defendant has shown neither that his counsel's performance was constitutionally deficient, nor that he suffered any resulting prejudice from counsel's failure to object to the method used to calculate his sentence. As such, an evidentiary hearing is unnecessary and no hearing will be held.

Finally, defendant's motion to vacate, set aside or correct his sentence is time barred and, accordingly, is dismissed with prejudice. As an alternate holding, the Court has considered the merits of defendant's motion and finds that it is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 765) is **dismissed with prejudice**. A separate judgment is entered herewith.

**DATED** this 15th day of December, 2008.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT